**UNITED STATES OF AMERICA**,
Plaintiff,

CRIMINAL NO. 17-507 (CCC)

v.

**[1] JEFFRIE RIVERA-SANTIAGO**, a/k/a
"La **J/Menor** J,"
Defendant.

---

**PLEA AGREEMENT**
**(Pursuant to Fed. R. Crim. P. 11(c)(1)(B))**

**TO THE HONORABLE COURT:**

 **COMES NOW**, the United States of America, by and through its attorneys for the District

of Puerto Rico: Rosa Emilia Rodriguez-Velez, United States Attorney, Timothy Henwood, First

Assistant United States Attorney, Jenifer Y. Hernandez-Vega, Assistant United States Attorney,

Unit Chief, Violent Crimes, and Victor O. Acevedo-Hernandez, Assistant United States Attorney,

along with Defendant, **Jeffrie Rivera-Santiago**, and his counsel, **Francisco J. Adams-Quesada**,

and, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), state to this Honorable Court

that they have reached a Plea Agreement, the terms and conditions of which are as follows:



### 1. CHARGES TO WHICH DEFENDANT PLEADS GUILTY

 Defendant agrees to plead guilty to Count One, which charges him with beginning on a

date unknown, but no later than in or about the year 2015, and continuing up to and until March

2017, in the District of Puerto Rico and within the jurisdiction of this Court, knowingly and

willfully conspiring and agreeing with others to engage in the business of dealing firearms without

1

a license, in violation of 18 U.S.C. § 922(a)(1)(A).

## 2. MAXIMUM PENALTIES

Defendant understands that the penalty for Count One is as follows: a maximum term of imprisonment of 5 years; a fine of not more than $250,000.00; and a term of supervised release of not more than three years.

## 3. SENTENCING GUIDELINES APPLICABILITY

Defendant understands that the sentence will be left entirely to the sound discretion of the Court in accordance with 18 U.S.C. §§ 3551-86, and the United States Sentencing Guidelines (hereinafter "Guidelines"), which have been rendered advisory by the United States Supreme Court decision in United States v. Booker, 543 U.S. 220 (2005). Further, Defendant acknowledges that parole has been abolished and that the imposition of his sentence may not be suspended.

## 4. SPECIAL MONETARY ASSESSMENT

Defendant agrees to pay a special monetary assessment of one hundred dollars ($100.00), per count of conviction, to be deposited in the Crime Victim Fund, pursuant to 18 U.S.C. § 3013(a)(2)(A).

## 5. FINES AND RESTITUTION

Defendant is aware that the Court may, pursuant to U.S.S.G. § 5E1.2, order him to pay a fine sufficient to reimburse the Government for the costs of any imprisonment, probation, or supervised release ordered. The Court may also impose restitution. The United States will make no recommendations as to the imposition of fines and restitution.

6. **RULE 11(c)(1)(B) WARNINGS**

Defendant is aware that his sentence is within the sound discretion of the sentencing judge and of the advisory nature of the Guidelines, including the Guidelines Policy Statements, Application, and Background Notes. Further, Defendant understands and acknowledges that the Court is not a party to this Plea Agreement and thus, is not bound by this agreement or the sentencing calculations and recommendations contained. Defendant specifically acknowledges that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for the offense to which Defendant is pleading guilty. Defendant is aware that the Court may accept or reject the Plea Agreement, or may defer its decision whether to accept or reject the Plea Agreement until it has considered the pre-sentence investigation report. See Fed. R. Crim. P. 11(c)(3)(A). Should the Court impose a sentence up to the maximum established by statute, Defendant cannot, for that reason alone, withdraw his guilty plea, and will remain bound to fulfill all of the obligations under this Plea Agreement. See Fed. R. Crim. P. 11(c)(3)(B).

7. **APPLICABILITY OF UNITED STATES SENTENCING GUIDELINES**

Defendant is aware that pursuant to the decisions issued by the Supreme Court of the United States in United States v. Booker, 543 U.S. 220 (2005), the Guidelines are no longer mandatory and must be considered effectively advisory. Therefore, after due consideration of the relevant factors enumerated in 18 U.S.C. § 3553(a), the United States and Defendant submit the following advisory Guideline calculation:

| Sentencing Guidelines Calculation | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Base Offense Level | U.S.S.G. § 2K2.1(a)(7) | | | | | | | | 12 |
| Specific Offense Characteristics | U.S.S.G. § 2K2.1(b)(1)(B), Offense involved 8-24 firearms | | | | | | | | 4 |
| Specific Offense Characteristics | U.S.S.G. § 2K2.1(b)(5), Defendant engaged in the trafficking of firearms | | | | | | | | 4 |
| Aggravating Role | U.S.S.G. § 3B1.1, Defendant was an organizer, leader, manager, or supervisor | | | | | | | | 2 |
| Acceptance | U.S.S.G. § 3E1.1, Acceptance of responsibility | | | | | | | | -3 |
| Sentencing Ranges | TOL | CHC I | CHC II | CHC III | CHC IV | CHC V | CHC VI | Total Offense Level Count One | 19 |
| | 19 | 030-037 | 033-041 | 037-046 | 046-057 | 057-071 | 063-078 | | |

**8.      NO STIPULATION AS TO CRIMINAL HISTORY CATEGORY**

The parties do not stipulate as to any Criminal History Category for Defendant.

**9.      SENTENCE RECOMMENDATION**

After due consideration of the relevant factors enumerated in 18 U.S.C. § 3553(a), as to Count One, the parties will recommend a sentence of imprisonment within the guideline sentencing range at a total offense level of 19 when combined with Defendant's Criminal History Category as determined by the Court.



**10.      WAIVER OF APPEAL**



Defendant knowingly and voluntarily agrees that, if the imprisonment sentence imposed by the Court is 37 months or less, the defendant waives the right to appeal any aspect of this case's judgment and sentence, including but not limited to the term of imprisonment or probation, restitution, fines, forfeiture, and the term and conditions of supervised release.

**11.      NO FURTHER ADJUSTMENTS OR DEPARTURES**

The United States and Defendant agree that no further adjustments or departures to Defendant's total adjusted base offense level and no variance sentence under 18 U.S.C. § 3553

4

shall be sought by either party. The parties agree that any request by either party for an adjustment or departure will be considered a material breach of this Plea Agreement, in which case, the Plea Agreement will be annulled and Defendant's rights as enumerated in paragraph thirteen (13) will be reinstated.

12.    **SATISFACTION WITH COUNSEL**

Defendant represents to the Court that he is satisfied with counsel, **Francisco J. Adams-Quesada**, and asserts that counsel has rendered effective legal assistance.

13.    **RIGHTS SURRENDERED BY DEFENDANT THROUGH GUILTY PLEA**

Defendant understands that by entering into this Plea Agreement he surrenders certain rights as provided in this agreement. Defendant understands that the rights of criminal Defendants include the following:

  a. If Defendant had persisted in a plea of not guilty to the charges, Defendant would have had the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if Defendant, the United States and the judge agree.

  b. If a jury trial is conducted, the jury would be composed of twelve lay persons selected at random. Defendant and Defendant's attorney would assist in selecting the jurors by removing prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges. The jury would have to agree, unanimously, before it could return a verdict of either guilty or not guilty. The jury would be instructed that Defendant is presumed innocent, that it could not convict Defendant unless, after hearing all the evidence, it was persuaded of Defendant's guilt beyond a reasonable doubt, and that it was to consider each charge separately.

  c. If a trial is held by the judge without a jury, the judge would find the facts and, after hearing all the evidence and considering each count separately, determine whether or not the evidence established Defendant's guilt beyond a reasonable doubt.

  d. At a trial, the United States would be required to present its witnesses and other evidence against Defendant. Defendant would be able to confront those witnesses and Defendant's attorney would be able to cross-examine them. In turn, Defendant

5

could present witnesses and other evidence on Defendant's own behalf. If the witnesses for Defendant would not appear voluntarily, Defendant could require their attendance through the subpoena power of the Court.

e. At a trial, Defendant could rely on the privilege against self-incrimination to decline to testify, and no inference of guilt could be drawn from Defendant's refusal to testify. If Defendant desired to do so, Defendant could testify on Defendant's own behalf.

### 14.    STIPULATION OF FACTS

The accompanying Stipulation of Facts signed by Defendant is hereby incorporated into this Plea Agreement. Defendant adopts the Stipulation of Facts and agrees that the facts therein are accurate in every respect and, had the matter proceeded to trial, that the United States would have proven those facts beyond a reasonable doubt.

### 15.    LIMITATIONS OF PLEA AGREEMENT

This Plea Agreement binds only the United States Attorney's Office for the District of Puerto Rico and Defendant. It does not bind any other federal district, state, or local authorities.

### 16.    ENTIRETY OF PLEA AGREEMENT

This written agreement constitutes the complete Plea Agreement between the United States, Defendant, and Defendant's counsel. The United States has made no promises or representations except as set forth in writing in this Plea Agreement and denies the existence of any other term and conditions not stated herein.

### 17.    AMENDMENTS TO PLEA AGREEMENT

No other promises, terms or conditions will be entered unless in writing and signed by all parties.

## 18. VOLUNTARINESS OF GUILTY PLEA

Defendant acknowledges that no threats have been made against him and that he is pleading guilty freely and voluntarily because he is guilty.

## 19. DISMISSAL OF OTHER COUNTS

At sentencing, the United States will request the dismissal of all the remaining Counts against Defendant in the Indictment.

**ROSA EMILIA RODRÍGUEZ-VÉLEZ**
United States Attorney

**Timothy Henwood**
First Assistant U.S. Attorney
Dated: 5-5-18

**Jenifer Y. Hernandez-Vega**
Assistant U.S. Attorney
Chief, Violent Crimes
Dated: 5/3/2018

**Victor O. Acevedo-Hernandez**
Assistant U.S. Attorney
Dated: 5/3/18

**Francisco J. Adams-Quesada**
Counsel for Defendant
Dated: 5/25/18

**Jeffrie Rivera-Santiago**
Defendant
Dated: 5-25-2018

7

## UNDERSTANDING OF RIGHTS

I have consulted with my counsel and fully understand all of my rights with respect to the charges pending against me. Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the <u>Sentencing Guidelines</u>, <u>Policy Statements</u>, <u>Application</u>, and <u>Background Notes</u> which may apply in my case. I have read this Plea Agreement and carefully reviewed every part of it with my attorney. My counsel has translated the Plea Agreement it to me in the Spanish language and I have no doubts as to the contents of the agreement. I fully understand this agreement and voluntarily agree to it.

Date: 5-25-2018

_____
**Jeffrie Rivera-Santiago**
Defendant

I am the attorney for Defendant. I have fully explained Defendant's rights to Defendant with respect to the pending charges. Further, I have reviewed the provisions of the <u>Sentencing Guidelines</u>, <u>Policy Statements</u>, <u>Application</u>, and <u>Background Notes</u>, and I have fully explained to Defendant the provisions of those guidelines which may apply in this case. I have carefully reviewed every part of this Plea Agreement with Defendant. I have translated the Plea Agreement and explained it in the Spanish language to the Defendant who has expressed having no doubts as to the contents of the agreement. To my knowledge, Defendant is entering into this Plea Agreement voluntarily, intelligently, and with full knowledge of all consequences of Defendant's plea of guilty.

Date: 5/25/18

_____
**Francisco J. Adams-Quesada**
Counsel for Defendant

**STIPULATION OF FACTS**

In conjunction with the submission of the accompanying Plea Agreement in this case, the United States of America submits the following statement setting forth the United States' version of the facts leading to Defendant's acceptance of criminal responsibility. Had this matter proceeded to trial, the United States would have presented evidence through the testimony of witnesses, law enforcement agents, and experts, as well as physical evidence and documentary evidence, which would have proven the following beyond a reasonable doubt:

Beginning on a date unknown, but no later than in or about the year 2015, and continuing up to and until March 2017, Defendant was part of a firearms trafficking organization. The purpose of this group was to purchase firearms in the States of Georgia and Florida, to transport the firearms to Puerto Rico, and to sell those firearms to other individuals in Puerto Rico, for profit. The Defendants had roles, which were necessary for the success of the enterprise. Defendant's role was to purchase firearms in the States of Georgia and Florida and send them to Puerto Rico using the mail. He would also coordinate the sale of firearms with customers. Defendant accepts that he was an organizer and coordinated the delivery and sale of more than eight but less than 24 firearms in Puerto Rico. Moreover, Defendant acknowledges that he committed the following overt acts:

In or about March 2016, from the state of Florida, [1] JEFFRIE RIVERA-SANTIAGO sent a parcel through the mail, which contained a child's toy and a pistol.

On August 19, 2016, [1] JEFFRIE RIVERA-SANTIAGO, a/k/a "La J/Menor J" coordinated a meeting between a buyer of firearms and a co-conspirator at the Wendy's in Degetau Avenue in Caguas, Puerto Rico.

On August 24, 2016, [1] JEFFRIE RIVERA-SANTIAGO, a/k/a "La J/Menor J"

coordinated a meeting between a buyer of firearms and a co-conspirator at La Placita de Savarona in Caguas, Puerto Rico.

On September 15, 2016, [1] JEFFRIE RIVERA-SANTIAGO, a/k/a "La J/Menor J" coordinated a meeting between a buyer of firearms and a co-conspirator at Jardines de Caguas, C Street, in Caguas, Puerto Rico.

On October 28, 2016, [1] JEFFRIE RIVERA-SANTIAGO, a/k/a "La J/Menor J" coordinated a meeting between a buyer of firearms and a co-conspirator at Plaza Centro in Caguas, Puerto Rico.

Defendant accepts not being a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code.

The United States timely provided discovery to Defendant.

_____
**Victor O. Acevedo-Hernandez**
Assistant United States Attorney
Dated: _5/3/18_

_____
**Francisco J. Adams-Quesada**
Counsel for Defendant
Dated: _5/r5/18_

_____
**Jeffrie Rivera-Santiago**
Defendant
Dated: _5-25-2018_